IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tong Dong, : 
                Petitioner : 
                   : 
         v. : 
                   : 
Workers' Compensation Appeal : 
Board (Eagle's Corner), :   No. 784 C.D. 2018
         Respondent :   Submitted: February 1, 2019

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
              HONORABLE ANNE E. COVEY, Judge
              HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                        FILED: February 22, 2019

       Tong Dong (Claimant) petitions this Court for review of the Workers' Compensation (WC) Appeal Board's (Board) May 31, 2018 order affirming the Workers' Compensation Judge's (WCJ) decision denying Claimant WC benefits. Claimant presents two issues for this Court's review: (1) whether Claimant was in the course and scope of his employment at the time he sustained his injuries; and (2) whether the bunkhouse rule (Bunkhouse Rule) applies. After review, we affirm.

       Claimant was employed by Eagle's Corner (Employer) as a cook. On May 26, 2015, assailants attacked Claimant while sleeping on the second floor above Employer's business and Claimant sustained numerous injuries. On September 4, 2015, Claimant filed a Claim Petition against Employer seeking total disability benefits from May 26, 2015 and ongoing. On December 17, 2015, Claimant filed a Claim Petition against the Uninsured Employers Guaranty Fund making identical allegations. The Petitions were consolidated and the WCJ held hearings on March 3 and May 12, 2017. The matter was bifurcated for a preliminary determination of whether Claimant was in the course and scope of his employment at the time of his

alleged injury. On June 8, 2017, the WCJ concluded that Claimant's alleged injuries were not sustained in the course and scope of his employment and dismissed Claimant's Claim Petitions. Claimant appealed to the Board. On May 31, 2018, the Board affirmed the WCJ's decision. Claimant appealed to this Court.[1]

Initially, Section 301(c)(1) of the WC Act (Act)[2] provides, in relevant part:

> **The term 'injury arising in the course of his employment**,' . . . shall not include an injury caused by an act of a third person intended to injure the employe because of reasons personal to him, and not directed against him as an employe or because of his employment; . . . but shall include all other injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere, and **shall include all injuries** caused by the condition of the premises or by the operation of the employer's business or affairs thereon, **sustained by the employe, who, though not so engaged, is injured upon the premises occupied by or under the control of the employer, or upon which the employer's business or affairs are being carried on, the employe's presence thereon being required by the nature of his employment**.

77 P.S. § 411(1) (emphasis added). The Bunkhouse Rule, as the Pennsylvania Supreme Court has explained, is as follows: "[T]he Act allows compensation for injuries an employee sustains in their [sic] leisure time while occupying a bunkhouse or sleeping quarters provided by the employer **if the nature of the employee's work mandates that the employee reside on the employer's premises**." *O'Rourke v. Workers' Comp. Appeal Bd. (Gartland)*, 125 A.3d 1184, 1190 (Pa. 2015) (emphasis added).

---

[1] "On review[,] this Court must determine whether constitutional rights were violated, errors of law were committed, or necessary findings of fact were supported by substantial competent evidence." *Stepp v. Workers' Comp. Appeal Bd. (FairPoint Commc'ns, Inc.)*, 99 A.3d 598, 601 n.6 (Pa. Cmwlth. 2014).

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 411(1).

Claimant first argues that he was in the course and scope of employment at the time of his injuries because Employer recruited him and he would only accept the job if Employer provided his lodging. Thus, Claimant contends that it was in Employer's interest to provide Claimant lodging. Claimant further asserts that because his working for Employer was contingent upon his lodging at Employer's premises, lodging was part of the employment contract and he is entitled to WC benefits. The Court disagrees.

> [A]n employee will be awarded [WC] benefits if he . . . sustains an injury while 'engaged in the furtherance of the employer's business or affairs, regardless of whether the injury occurred on the employer's premises.' *Kmart Corp.* [*v. Workers' Comp. Appeal Bd. (Fitzsimmons)*], . . . 748 A.2d [660,] 664 [(Pa. 2000)]. If the employee was not furthering the employer's affairs, **the employee may only receive [WC benefits] if the employee was** (1) injured on premises occupied or under the control of the employer, (2) **required by the nature of his employment to be present on the premises**; and (3) sustained injuries caused by the condition of the premises or by operation of the employer's business or affairs thereon. *Id.*

*O'Rourke*, 125 A.3d at 1189 (emphasis added).

Here, Claimant testified:

Q. And were you required by [Employer] to live there in order to work there?

A. No, I just said that if I don't get to live there, I wouldn't work there because I wouldn't be able to leave at nighttime and I wouldn't be able to get there for work the next day.

Q. But **the Employer**[] **didn't require it**?

A. **No**.

Reproduced Record (R.R.) at 89a (emphasis added). Further, Employer's representative Xue Zhang (Zhang) related:

> Q. **Did [you] tell [Claimant] that he had to live on the second floor or he couldn't work for your company**?
>
> A. **No**.
>
> . . . .
>
> Q. Did you ever discuss with [Claimant] why he was living on the second floor?
>
> A. I didn't really have a discussion. Whether he lived there or not I don't really -- it doesn't matter. If he doesn't live there is actually better for me.
>
> Q. Why is it better for you if he doesn't live there?
>
> A. I will be saving electricity and saving water.

R.R. at 115a-116a (emphasis added). It is clear from Claimant's admission and Zhang's testimony that Employer did not *require* Claimant to live on Employer's premises. Accordingly, Claimant was not in the course and scope of his employment when he sustained his injuries.

Claimant next argues that he was in the course and scope of employment at the time of his injury because the Bunkhouse Rule applies. Specifically, Claimant maintains that his living arrangement was reasonably necessary to perform the tasks required by Employer. The Court disagrees.

First, Claimant's presence on Employer's second floor at 5:00 a.m. was not reasonably necessary for Claimant to complete his tasks as Employer's cook. Second, Employer did not receive any benefit from allowing Claimant to live on the premises. In fact, Zhang testified to the contrary. Moreover,

> [w]e have consistently acknowledged the remedial nature of the [Act] which is intended to benefit workers, but are 'also mindful that the Act was not intended to make the employer

4

an insurer of its employees' lives and health.' *Kmart Corp.*, . . . 748 A.2d at 664 . . . . As Claimant was not engaged in the furtherance of [his] Employer's business when [he] was injured while sleeping [on the second floor] nor was [he] required by the nature of [his] employment to be [on the second floor] at the time of the attack, [this Court] conclude[s] Claimant's injuries were not sustained in the course of [his] employment and are not compensable under the [Act].

*O'Rourke*, 125 A.3d at 1193. Accordingly, the Bunkhouse Rule does not apply in this case.

For all of the above reasons, the Board's order is affirmed.


_____
ANNE E. COVEY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tong Dong, : 
                Petitioner : 
                : 
         v. : 
                : 
Workers' Compensation Appeal : 
Board (Eagle's Corner), :    No. 784 C.D. 2018
           Respondent : 

## O R D E R

AND NOW, this 22nd day of February, 2019, the Workers' Compensation Appeal Board's May 31, 2018 order is affirmed.

_____

ANNE E. COVEY, Judge